# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CLINTON MARLOWE, | ) | CASE NO. 1:22-cv-1020 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of the magistrate judge in the above-entitled action. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [. . .]

28 U.S.C. § 636(b)(1)(C). The R&R was filed on February 21, 2023 (*see* Doc. No. 13) and objections would have been due no later than March 10, 2023, taking under consideration the three (3) additional days added for service under Fed. R. Civ. P. 6(a) & (d). No objections were filed on or before that deadline, and no extension of time has been sought or given.

In the Sixth Circuit, failure to object constitutes a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.").[1] *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's

---

[1] This is so because "[w]aiver is different than forfeiture." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2, 111 S. Ct. 2631, 115 L. Ed. 2d 764 (1991)

waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the R&R placed the parties on notice as to the potential for forfeiture in the event of failure to object. (*See* Doc. No. 13, at 29.[2])

The R&R recommends affirming the Commissioner's decision that denied plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. The Court has reviewed the R&R, finds it to be thoroughly written and well-reasoned, and, therefore, accepts the same.

Accordingly, the Court adopts the R&R's recommendation. The Commissioner's decision is affirmed and this case is closed.

**IT IS SO ORDERED**.

Dated: March 16, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

(Scalia, J., concurring). "This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

[2] Page references are to the consecutive page number assigned by the court's electronic filing system.